UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>    Plaintiff,<br><br>        v.<br><br>AQUA MATIC LAWN SPRINKLE,<br>    Defendant. | No. 3:20-cv-00999 (SRU) |

## ORDER OF DISMISSAL

Alexander McArthur ("McArthur"), proceeding *pro se*, brings this action against Aqua Matic Lawn Sprinkle. In his complaint, McArthur asserts claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and state penal law. *See* Compl., Doc. No. 1.

I granted McArthur's request to proceed *in forma pauperis*. Doc. No. 7. For the reasons set forth in this order, I dismiss the action for failure to state a claim upon which relief may be granted.

**I.    STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action brought *in forma pauperi*s if the Court determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds *pro se*, the court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). "[W]hile *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, courts should look for such allegations by

reading *pro se* complaints with special solicitude and interpreting them to raise the strongest claims that they suggest." *Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010) (cleaned up).

## II.   DISCUSSION

McArthur brings suit against Aqua Matic Lawn Sprinkle. Principally, McArthur alleges that he was subjected to a hate crime. While he was walking home, he was "attacked by a white man riding an electric riding lawn mower." Compl., Doc. No. 1, at 13. Based on that conduct, McArthur alleges that the lawn motorist's conduct violated: (1) Title VII; and (2) Connecticut General Statutes § 53a–181j. *Id.* at 6–7. Both claims fail.

First, Title VII is inapposite because McArthur has not alleged that he has an employment relationship with the defendant. Accordingly, he has failed to state a cognizable Title VII claim, and this claim is dismissed. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973) ("The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens.").

Second, McArthur purports to bring this action against the defendant under Connecticut General Statutes § 53a–181j[1], a criminal statute that prohibits intimidation based on bigotry or bias. But he cannot rely on a criminal statute as a basis for this civil action because such statutes do not provide private causes of action. *See Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare

---

[1] Section 53a-181j states that "[a] person is guilty of intimidation based on bigotry or bias in the first degree when such person maliciously, and with specific intent to intimidate or harass another person motivated in whole or in substantial part by the actual or perceived race ... of such other person, causes physical injury to such other person or to a third person." Conn. Gen. Stat. § 53a-181j(a).

2

criminal statute"). That said, Connecticut General Statutes § 52–571c provides for a civil cause of action based on a violation of section 53a–181j. Thus, I liberally construe McArthur's complaint to assert a claim under section 52–571c.

Nevertheless, McArthur has still failed to state a claim under section 52-571c. He has failed to identify his race, religion, and/or ethnicity. Moreover, he has failed to plead facts sufficient to show specific intent to intimidate or harass him on the grounds of those classes. Said another way, there are no allegations that plausibly suggest that the attack on McArthur was motivated in whole or in substantial part by his race, religion or ethnicity. Without more, McArthur has failed to plausibly state a claim, and this claim is dismissed.

### III.   CONCLUSION

For the foregoing reasons, McArthur's complaint is **dismissed without prejudice**. I grant McArthur leave to amend his complaint within **twenty-one days** of this Order. If McArthur fails to amend his complaint within twenty-one days as directed by this Order, the Clerk shall close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of June 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge